UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-20305-CR-MARTINEZ/BANDSTRA

UNITED STATES OF AMERICA,

vs.

TRAVIS BECKLES,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Defendant Travis Beckles' Motion to Suppress Statement (D.E. 20) filed on June 25, 2007. On June 26, 2007, this motion was referred to the undersigned by the Honorable Jose A. Martinez for appropriate proceedings pursuant to 28 U.S.C. § 636(b). Accordingly, the undersigned conducted an evidentiary hearing on this motion on July 10, 2007. Based on the facts as found herein, and applicable law, the undersigned recommends that this Motion to Suppress Statement be DENIED.

## FINDINGS OF FACT[1]

On April 11, 2007, Travis Beckles (hereinafter "defendant") was arrested in Miami after a sawed-off shotgun was located in his residence. Defendant was transported to a

---

[1] These factual findings are based on the testimony of Special Agent John Jefferson, a nine year veteran of the Federal Bureau of Investigation, and the printed advice of rights and waiver forms used by the law enforcement officers prior to defendant's post-arrest interrogation. In addition, the Court heard the testimony of defendant, Travis Beckles, which contradicted the testimony of Special Agent Jefferson as well as the printed documents. The Court accepts as true the testimony of the law enforcement officer finding it to be credible and corroborated by the advice of rights and waiver forms signed by defendant.

nearby substation of the Federal Bureau of Investigation ("FBI") for booking and post-arrest proceedings.

Special Agent John Jefferson and two Miami-Dade police detectives interviewed defendant at the FBI office about two hours after his arrest. Defendant was interviewed in a conference room where he was seated comfortably without hand-cuffs or other physical restraints. Special Agent Jefferson first advised defendant of his constitutional rights using a printed "Miranda Warning" form provided by the Miami-Dade police officers. Special Agent Jefferson read each right to defendant after which defendant initialed each right indicating his understanding of that right. Defendant then signed the form confirming his understanding of his rights as well as his willingness to answer questions without a lawyer present. Defendant also indicated in writing that he freely waived his rights without threats or promises from the police officers. Defendant also signed a second form indicating that he was not under the influence of alcohol, narcotics or medications at the time.

Thereafter, Special Agent Jefferson asked defendant questions about the firearm found in his residence and other matters. Defendant clearly understood the law enforcement officer and responded promptly and appropriately in English. Defendant did not appear to be under the influence of drugs or alcohol. Defendant was cooperative with the officers and even indicated his willingness to serve as an informant in their investigation. Defendant never asked for an attorney and never objected to his interrogation. Defendant was interviewed for over an hour and gave his statement without incident. No promises, threats, or coercion were ever used to elicit defendant's statement.

## **ANALYSIS**

Defendant moves to suppress his post-arrest statement on the ground that it was obtained without a free and voluntary waiver of his constitutional rights in violation of the Fifth Amendment to the United States Constitution. While acknowledging that his rights were explained to him, defendant contends that he invoked his right to remain silent and asked for an attorney rather than agreeing to talk to the officers. Defendant now testifies that he was under the influence of marijuana at the time of the interview and did not understand that he was waiving his rights by signing the printed forms. Defendant also contends that he signed the waiver of rights form on the insistence of the officers thinking that he was merely confirming in writing his invocation of rights and demand for a lawyer at that time.

The facts as found above do not support defendant's position. Accepting the credible testimony of Special Agent Jefferson, the Court finds that defendant was fully advised of and waived his rights to remain silent and to consult with an attorney prior to post-arrest interrogation. Special Agent Jefferson observed nothing to indicate that defendant was under the influence of drugs or marijuana at the time; and defendant confirmed in writing that he was not under the influence on the forms he signed in the presence of the officers. Defendant was fully cooperative with the officers throughout the post-arrest interrogation and responded readily to their questions.

Defendant correctly notes in his motion that his post-arrest statement is admissible into evidence only if voluntarily made under the totality of the circumstances. See *Arizona v. Fulminate*, 499 U.S. 279, 288 (1981); *Crane v. Kentucky*, 476 U.S. 683, 691 (1986).

Here, the total circumstances clearly reveal that defendant was fully advised of his rights and freely and voluntarily waived those rights after careful instruction by the officer. Defendant acknowledged that he understood his rights before any questioning and then proceeded to answer questions without objection for over an hour. Defendant's contention that he invoked his right to remain silent and to consult with an attorney is contradicted by both the testimony of Special Agent Jefferson and the forms signed by defendant. Defendant's claim that he was under the influence of marijuana at the time is not supported by any corroborating evidence g and is contradicted by the observations of the experienced law enforcement officer. Finally, defendant's cooperation and willingness to answer questions for over an hour after his waiver of rights contradicts his present claim that he invoked his right to remain silent at that time.

## SUMMARY AND RECOMMENDATION

In summary, the Court finds that defendant was fully advised of and freely waived his rights to remain silent and to speak to an attorney prior to his post-arrest statement. For this reason, the undersigned recommends that Defendant's Motion to Suppress Statement be DENIED.

The parties may serve and file written objections to this Report and Recommendation with the Honorable Jose E. Martinez, United States District Judge, within ten (10) days of receipt. See 28 U.S.C. §636(b)(1)(c); *United States v. Warren*, 687 F.2d 347 (11th Cir. 1982), *cert. denied*, 460 U.S. 1087 (1983); and *Hardin v.*

*Wainwright*, 678 F.2d 589 (5th Cir. Unit B 1982); *see also Thomas v. Arn*, 474 U.S. 140 (1985), *reh. denied*, 474 U.S. 1111 (1986).

RESPECTFULLY SUBMITTED in Miami, Florida, this ___16th___ day of July, 2007.

_____
Ted E. Bandstra
Chief United States Magistrate Judge

Copies furnished to:

Honorable Jose E. Martinez
All counsel of record