UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-20305-CR-MARTINEZ

UNITED STATES OF AMERICA,
    Plaintiff,
v.

TRAVIS BECKLES,
    Defendant.
_____/

## DEFENDANT'S SENTENCING MEMORANDUM

The defendant, Mr. Travis Beckles, through the undersigned counsel, respectfully submits the following sentencing memorandum. The guideline calculations advise an inflated and unnecessarily high term of imprisonment for Mr. Beckles. The statutorily mandated minimum term of imprisonment, fifteen years, is more than sufficient to address the concerns raised by 18 U.S.C. 3553. A sentence beyond the fifteen year mandatory term would be in contravention of Congress' mandate that the Court shall impose a sentence sufficient, *but not greater than necessary*, to comply with the purposes of the statute.[1]  18 U.S.C. 3553(a).

The guideline advises the Court to impose a sentence of imprisonment of between thirty years to life. *See* Pre-sentence Report at page 19, paragraph 79. The government's facts, in summary fashion, are that Mr. Beckles had constructive possession of a short barreled shotgun. He did not have actual possession of the firearm. He did not threaten anyone with the firearm. He did not discharge the firearm. In fact, there was no evidence that the firearm was loaded.

---

[1] Those purposes are: (1) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide *just punishment for the offense*; (2) to afford *adequate deterrence* to criminal conduct; (3) to protect the public from further crimes of the defendant; and (4) to provide the defendant with the needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C, 3553(a)(2).

Mr. Beckles' prior criminal record is devoid of any acts of violence, and devoid of any prior firearm or weapons charges. His prior criminal record consists of relatively minor charges. Those priors are: (1) Cocaine possession, as a juvenile, penalty community control; (2) Petit theft, as a juvenile, penalty community control; (3) Trespassing, penalty two days incarceration, a time served plea; (4) Possession with the intent to sell cocaine, penalty twenty-three days incarceration, due to the odd number of days assumed a time served plea; (5) Possession of cannabis, penalty a fine with court costs, no incarceration; (6) Loitering and prowling and resisting arrest without violence, two counts, penalty two days incarceration , a time served plea; (7) Burglary of an unoccupied structure, a business, and grand theft third degree, penalty two years probation, violation of that probation, penalty one hundred and twenty-one days incarceration , a time served plea; (8) Possession cannabis, penalty one day incarceration, a time served plea; (9) Resisting an officer without violence, penalty credit time served; (10) Sale of cocaine, penalty eleven days incarceration, a time served plea; (11) Possession of cannabis, penalty thirty-five days incarceration, a time served plea; (12) Trespassing after warning, penalty one day incarceration, a time served plea; (13) Sale of cocaine and cannabis and resisting arrested without violence, penalty forty-four days incarceration, a time served plea; (14) Resisting without violence, penalty two days incarceration, a time served plea; (15) Sale of cocaine and cannabis, penalty one year probation, violation of probation, penalty three hundred and sixty-four days incarceration; (16) Cannabis possession, penalty three days incarceration, a time served plea; (17) Tress passing after warning, penalty four days incarceration, a time served plea; (18) Sale of cocaine and possession of cannabis, penalty one hundred and twenty-six days incarceration, a time served plea.

Of the eighteen incidents, two were juvenile matters, and fourteen where closed out to credit

2

time served. *Two of the sentences imposed community control as a juvenile. Nine of the sentences resulted in imprisonment for four days or less.* The remainder of the sentences were twenty-three days, thirty-five days, forty-four days, one hundred and twenty days, one hundred and twenty-one days, and three hundred and sixty-four days. All less then one year.

Admittedly, Mr. Beckle's record can be interpreted to support the conclusion that he is a small time criminal. But such a small time criminal, whose prior record is totally devoid of violence, firearms, or weapons should not be sentenced to spend the next thirty years in a federal penitentiary. Congress has provided a penalty of fifteen years, and such a penalty, is more than adequate to address both Mr. Beckles and the crime the jury found he committed.

The many strengths of our justice system, others see as weakness. The right to assistance of counsel, the right to confront one's accusers, the right to remain silent, to name just a few, some argue show a weakness to stand up to crime and criminals. But they are wrong. It is our strength that allows us to treat defendants fairly, despite the fact that they may be criminals. A sentence of thirty years in a federal penitentiary is not fair, not just, not right. A sentence of fifteen years more properly addresses the purposes of 18 U.S.C. 3553.

                                    Respectfully submitted,
                                    KATHLEEN M. WILLIAMS
                                    FEDERAL PUBLIC DEFENDER
                                    By: *s/ Michael Spivack*
                                    Michael Spivack
                                    Assistant Federal Public Defender
                                    Florida Bar No.  508969
                                    150 West Flagler Street, Suite 1700
                                    Miami, Florida  33130-1556
                                    (305) 530-7000
                                    (305) 536-4559, Fax
                                    michael_spivack@FD.org, E-mail

## CERTIFICATE OF SERVICE

I hereby certify that on **September 24th, 2007**, undersigned electronically filed the foregoing document with the Clerk of the Court using CM/ECF and has served same via U.S. Mail to those counsel(s) who are not authorized to receive electronically Notice of Electronic Filing.

By: *s/ Michael Spivack*
Michael Spivack